COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Benton and Coleman
Argued at Salem, Virginia


DARRELL LYNN SAUNDERS
                                    MEMORANDUM OPINION* BY
v.    Record No. 1940-96-3      CHIEF JUDGE NORMAN K. MOON
                                        OCTOBER 7, 1997
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                       Richard S. Miller, Judge

            Elizabeth P. Murtagh, Assistant Public
            Defender, for appellant.

            Steven A. Witmer, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellee.


     Darrell Lynn Saunders appeals his conviction of breaking and

entering with intent to commit assault.  Saunders asserts that

the trial court erred in finding that the home he broke into was

the "dwelling house of another."  We disagree and affirm.

     Rinette Murphy and Saunders had known each other since 1990

and had one child together.  In March 1996, Murphy and her two

daughters moved into an apartment leased from the Lynchburg

Housing Authority.  Murphy borrowed $100 from Saunders in order

to pay the deposit for the apartment.  Although Saunders had a

key to the apartment and placed a variety of his possessions

there, including a stereo, television set, clothes, and a bed,

Murphy was the only tenant on the lease, which strictly

---

        *Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

prohibited any person other than the tenant and her dependent children from residing in the apartment.

Saunders testified that Murphy asked him to move in with her and that he had done so, although he occasionally stayed at his mother's house. He testified that most of his possessions were kept at Murphy's and that, in addition to paying the cable bill for the apartment, he purchased "little things for [Murphy] because she had just moved in." Saunders' mother testified that he lived with her "off and on" and that he occasionally paid some bills and kept some clothes at her home.

Murphy testified that Saunders resided with his mother but that she occasionally invited him to spend a few nights at her apartment. She also testified that she had made Saunders aware of the fact that her lease prohibited his residing in her apartment.

On the evening of April 28, 1996, Murphy and Saunders visited Murphy's sister's home along with several other people. Saunders became angry with Murphy because she talked with Derrick Jones. Murphy and Jones returned to Murphy's apartment. Saunders arrived approximately twenty minutes later and found the door locked. After discovering that he did not have his key, he hollered and banged on a window, yelling that he "was going to get [Murphy]." Murphy asked Saunders to leave, and he departed for a short period. During the interim, Jones left.

Saunders returned, broke every window on the rear face of the apartment, went inside, and beat Murphy. Jones testified

- 2 -

that he heard breaking glass, so he and a friend returned to the apartment to investigate.  Upon entering the apartment, Jones found Saunders hitting Murphy while she held her seven-month-old child in her arms.  Jones and his friend pulled Saunders away and waited for the police.

The trial court found that Saunders did not reside with Murphy.  Saunders was subsequently convicted of assault and statutory burglary.  On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

Murphy testified that Saunders did not live with her and that he broke into her apartment and assaulted her.  The trial court acted within its purview as fact finder in accepting Murphy's testimony and rejecting Saunders' testimony.  "The weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide."  Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986).

Holding that Murphy's testimony was not inherently incredible and that it was sufficient to prove that Saunders was guilty of statutory burglary, we affirm.

Affirmed.